UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON,<br><br>                         Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>                         Respondent. | Case No.: 3:22-cv-1038-MMA (DEB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

William Barton ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Doc. No. 1.

### FAILURE TO SATISFY THE FILING FEE REQUIREMENT

Petitioner has not paid the $5.00 filing fee and has not moved to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed in forma pauperis. The Court therefore **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must, **no later than September 22, 2022,** either pay the $5.00 fee or submit adequate proof of his inability to pay the fee.

### FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as

the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has failed to name any Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

**FAILURE TO STATE GROUNDS FOR RELIEF**

In addition, the Petition must be dismissed because Petitioner has failed to raise any grounds for relief or supporting facts. *See* Doc. No. 1 at 6–9. Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the

facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254; *see also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). While courts should liberally interpret *pro se* pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner). The Court finds that the Petition contains no grounds for habeas relief and no factual allegations. *See* Doc. No. 1 at 6–9.

In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court dismisses the action without prejudice. Should Petitioner decide to file an amended petition, he is advised to *clearly and succinctly* state all grounds for relief using the Amended Petition form sent to Petitioner with this order.

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to satisfy the filing fee, failure to name a proper respondent, and failure to state grounds for relief. To have this case reopened, Petitioner must file a First Amended Petition, no later than **September 22, 2022,** which cures the deficiencies outlined in this

Order.  The Court **DIRECTS** the Clerk of Court to send a blank Southern District of California In Forma Pauperis Application and a blank Amended Petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated:  July 22, 2022

HON. MICHAEL M. ANELLO
United States District Judge